UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID KRAEMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USHEALTH ADVISORS, LLC,<br><br>Defendant. | ) | Case No. 3:24-cv-00275-DWD |

**DEFENDANT USHEALTH ADVISORS, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant USHEALTH Advisors, LLC ("USHA"), moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff David Kraemer's Class Action Complaint (Dkt. No. 1).

**PRELIMINARY STATEMENT**

Plaintiff brings this lawsuit against USHA under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff attempts to assert two claims under 47 U.S.C. § 227(c)(5), the first for violations of the TCPA's National Do-Not-Call ("NDNC") rules, and the second for violations of the TCPA's Internal (or company-specific) Do-Not-Call ("IDNC") rules. Plaintiff fails to state a claim for relief on either count.

Plaintiff alleges that he received telephone calls and text messages "throughout 2023" from USHA, but points to no facts that would permit this Court to accept that contention. Plaintiff identifies thirteen sets of text messages he claims USHA sent to his telephone number, but no phone calls. The Complaint reproduces the text messages and makes clear that nearly none of them have a well-pleaded, non-conclusory, non-speculative connection to USHA. Despite alleging that "[a]gents working on behalf of Defendant US Health Group [sic] identify as

agents of either US Health Group or Defendant US Health Advisors," (Compl. at ¶ 15), the text messages described and reproduced in the Complaint show that for only two of the thirteen purported series of text messages was USHA mentioned. The eleven other texts came from different telephone numbers and Plaintiff provides nothing other than his say-so to suggest USHA had anything to do with them. Plaintiff appears to *assume* that any text message relating to "health options" or health insurance must have come from USHA, but that is not something the Court can credit on a motion to dismiss.

Plaintiff's claim on the basis that his telephone number was registered on the National Do-Not-Call Registry and therefore the two sets of text messages from USHA violated the NDNC rules fails to state a claim for relief because Plaintiff admits he did not register his telephone number on the registry, and rather someone else – presumably a previous user – did fourteen or fifteen years before Plaintiff acquired his telephone number. Given the clear language of the regulation, because the NDNC rules prohibit calling only the person who registered the telephone number, Plaintiff has no private right of action for an alleged NDNC violation.

Plaintiff also fails to state a plausible IDNC claim. Once again, Plaintiff simply asks the Court to assume, without any well-pleaded, non-conclusory, non-speculative basis, that USHA placed telephone solicitations to Plaintiff without the do-not-call ("DNC") procedures required by TCPA regulations, such as having a DNC policy, training personnel, and registering and honoring IDNC requests. The courts have made clear that more than a conclusory assertion to that effect is sufficient, particularly given the dearth of any supporting allegations. This is especially the case here since Plaintiff fails to even plausibly connect USHA to all but two of the

text message exchanges at issue. The allegations in the Complaint and the reproduced text messages preclude, as a matter of law, any plausible showing that Plaintiff expressed a clear desire to USHA to not receive calls in the future or that USHA ever called Plaintiff after the response he incorrectly contends constitutes such a request.

For all these reasons, the Court should dismiss the Complaint with prejudice.

## STATEMENT OF ALLEGED FACTS

Plaintiff claims to be "the subscriber and the sole user of the cell phone number ending with 3468." Compl. at ¶ 43. Plaintiff alleges that his "cell phone number was registered on the DNC [National Do-Not-Call Registry] on July 2, 2003," but he could not have been the one to register his cell phone number on the registry because that was well before he "acquired his cell phone number in 2017/2018 . . . ." *Id.* at ¶¶ 44-45.

Plaintiff states that "[t]hroughout 2023," he "has received calls and text messages from the Defendant soliciting insurance quotes for somebody named Randy." *Id.* at ¶ 53. Plaintiff contends he "has told the callers and texters that he is not Randy and he has specifically asked for the calls to stop . . . ." *Id.* at ¶ 54. The only alleged communications he identifies, however, are text messages, and none of the screenshots show him stating he is not Randy.

The first identified text message was on July 28, 2023. Despite alleging that "[a]gents working on behalf of Defendant US Health Group [sic] identify as agents of either US Health Group or Defendant US Health Advisors," Plaintiff contends this text message was "from the Defendant" even though the text message provides no such indication. *Id.* at ¶¶ 15, 55. Plaintiff did not tell the sender he was not Randy, but did reply "Stop." *Id.* at ¶ 55. Plaintiff does not allege that he received any further text messages from this telephone number or anyone with the

same name as this sender, Anna.

Plaintiff alleges that on August 11, 2023 he received another "text message from the Defendant," from a different telephone number, and without any allegations suggesting any connection to Defendant. *Id.* at ¶¶ 56-57. Plaintiff did not tell the sender he was not Randy, although he did respond two days later that they stop sending him text messages. *Id.*

Plaintiff alleges he received a third text message on August 14, 2023, from yet another telephone number. This is the first text message sender for which he can point out any connection to USHA. *See id.* at ¶¶ 58-60. However, Plaintiff did not tell the sender he was not Randy, nor did he ask them to stop sending him text messages.

Plaintiff alleges on August 28, 2023 he received another "text message from the Defendant," from yet another new telephone number, and the sender stated he was "with USHA." *Id.* at ¶¶ 61-62. Plaintiff did not respond that he was not Randy, nor did he ask the sender to stop sending him text messages. Instead, he responded to the question, "Randy Did you want medical dental vision or all three?" with "No duck off." *Id.*

Plaintiff ascribes another text message sent on September 5, 2023 to Defendant. Plaintiff alleges the "text messages were sent on behalf of Cole Wilson, a health insurance agent who works for USHealth Advisors," but states no facts in support of that assertion. *See id.* at ¶¶ 64-67. Indeed, the text message sender identified herself as Jessica. *Id.* at ¶ 66. Again, Plaintiff did not respond that he was not Randy, nor did he ask the sender to stop sending him text messages.

The next text message allegedly from USHA was on September 13, 2023, and came from yet another new telephone number. *See id.* at ¶ 68. Plaintiff alleges, "[a]s with the previous text messages, this text message was also sent by Jessica," (*id.* at ¶ 69), but Plaintiff never alleges he

received a text message from "Jessica" in the Complaint, instead alleging, without any explanation, that text messages from her were sent on behalf of Cole Wilson. *See id.* at ¶¶ 64-67. Nor does the screenshot of the text message show any connection to USHA. *See id*. at ¶ 70. As with all of the prior text messages, Plaintiff did not respond that he is not Randy. He did, however, respond, "Stop." *Id.* He does not allege that he received any further text messages from this telephone number or "Jessica."

Plaintiff then alleges he received a text message from Defendant on September 22, 2023, again from a new telephone number. *See id.* at ¶ 71. The text message screenshot does not refer to USHA, but states it is from "Victoria," which is presumably enough for Plaintiff to allege that it "was sent by Victoria Makulkik, a USHealth Advisors employee." *Id.* at ¶ 72. Plaintiff did not respond that he was not Randy, nor did he ask the sender to stop sending him text messages.

The next alleged text message was on October 8, 2023, once again from a new telephone number. *See id.* at ¶ 73. The text message identified the sender only as "Katelyn," but for some unexplained reason Plaintiff alleges USHA was the sender. *Id.* Once again, Plaintiff did not respond that he was not Randy, nor did he ask the sender to stop sending him text messages.

The same applies to the next alleged "text message . . . from the Defendant," on October 22, 2023, where the only identification of the sender from this new telephone number is the name "Sofia." *Id.* Plaintiff did not respond that he was not Randy, nor did he ask the sender to stop sending him text messages.

Plaintiff alleges another text message from USHA on October 25, 2023, once more from a new telephone number. *See id.* at ¶¶ 75-76. The text message, however, had no stated connection to USHA. Plaintiff did not respond that he was not Randy, but did reply "Stop." He

does not allege that he received any further text messages from this telephone number or the identified sender, Anna.

On November 13, 2023, Plaintiff alleges, he received a text message from the same telephone number that sent him the text message on September 22, 2023, again from Victoria. *See id.* at ¶¶ 77-78. Plaintiff did not respond that he was not Randy, but did respond "Stop." *Id.* at ¶ 78. Again, the text message has no stated connection to USHA. *Id.* Plaintiff does not allege that he received any further text messages from this telephone number or Victoria.

Plaintiff alleges the next text message purportedly from USHA was on November 15, 2023. *See id.* at ¶ 79. The text message states it is from Taylor, but does not indicate it is from USHA in any way. *Id.* at ¶ 80. Plaintiff did not state that he was not Randy, but he did respond "Stop." *Id.* Plaintiff does not allege that he received any further text messages from this telephone number or from anyone named Taylor.

The last identified text message that Plaintiff claims was sent from USHA allegedly was sent on November 16, 2023. *See id.* at ¶ 81. The text message begins "Hi Randy! This is Ashley with UHC." *Id.* USHA is not mentioned, nor did Plaintiff state that he was not Randy or request that the sender stop texting him. *Id.*

A table summarizing this information is produced below:

| No. | Date | Telephone No. | Identified Sender | USHA Mentioned? | "Stop"? |
|---|---|---|---|---|---|
| 1 | 7/28/23 | 325-266-9340 | Anna | No | Yes |
| 2 | 8/11/23 | 325-420-4542 | Cortney | No | Yes |
| **3** | **8/14/23** | **447-203-0037** | **Liz** | **Yes** | **No** |
| **4** | **8/28/23** | **447-547-0001** | **Ariel** | **Yes** | **No** |
| 5 | 9/5/23 | 754-203-8098 | Jessica | No | No |
| 6 | 9/13/23 | 772-252-7760 | Jessica | No | Yes |
| 7 | 9/22/23 | 614-470-2953 | Victoria | No | No |
| 8 | 10/8/23 | 321-785-7550 | Katelyn | No | No |
| 9 | 10/22/23 | 754-203-8113 | Sofia | No | No |
| 10 | 10/25/23 | 863-949-8603 | Lauren | No | Yes |
| 11 | 11/13/23 | 614-470-2953 | Victoria | No | Yes |
| 12 | 11/15/23 | 941-977-8253 | Taylor | No | Yes |
| 13 | 11/16/23 | 216-532-0165 | Ashley | No | No |

## ARGUMENT

### I. APPLICABLE LEGAL STANDARDS

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss."

*Id.* (citation omitted).

## I. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF

### A. Plaintiff Fails to State a NDNC Claim

Count I asserts a claim under 47 U.S.C. § 227(c), which creates a private right of action for any person who has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5). As is relevant for Plaintiff's NDNC claim, the regulations prohibit "initiat[ing] any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government . . . ." 47 C.F.R. § 64.1200(c)(2).

Plaintiff, though, is ***not*** "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ." *Id.* He admits that he did not register his telephone number on the registry, but rather that someone else did fourteen or fifteen years before he ever acquired the telephone number. *See* Compl. at ¶¶ 44-45. For this reason, Plaintiff has no private right of action and cannot state a claim for relief for an alleged violation of 47 C.F.R. § 64.1200(c)(2).

As another court recently explained,

> [t]he plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry. . . . Section 6[4].1200(c) does not include a private remedy for a residential telephone subscriber who has not registered his or her telephone number on the national do-not-call registry. ***The regulation's plain language provides no distinction for a telephone number that had previously been registered on the national do-not-***

***call registry by someone else*.**

*Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, *2 (N.D. Iowa June 9, 2022) (emphasis added). Consistent with that reasoning that § 64.1200(c) is specific to the person who actually registered the telephone number, the government agency charged with maintenance of the National Do-Not-Call Registry, the Federal Trade Commission, advises that registered telephone numbers are "automatically" removed from the Registry if, like Plaintiff's telephone number, they are reassigned. *See* Ex. A at 6 ("Do I need to take my old phone number off the list when I get a new number? No. The system removes numbers automatically when they're disconnected and reassigned.").

In *Rombough*, the court dismissed the complaint because the plaintiff failed to "allege that she registered her telephone number on the do-not-call registry." *Id.* at *3. Here, Plaintiff affirmatively alleged facts showing that he can never allege that and thus he cannot assert a private right of action for an alleged violation of 47 C.F.R. § 64.1200(c)(2), requiring dismissal.

### B. Plaintiff Fails to State an IDNC Claim

In Count II, Plaintiff claims that USHA violated 47 U.S.C. § 227(c)(5) and its implementing regulation, 47 C.F.R. § 64.1200(d). Plaintiff's TCPA claim fails to state a claim for relief because he fails to plausibly allege USHA lacks proper IDNC procedures. Indeed, there are no well-pleaded allegations of fact sufficient to permit the plausible inference that Plaintiff ever asked USHA to stop calling him, let alone that it called him after such a request.

"For a TCPA claim under 47 C.F.R. § 64.1200(d) to survive a motion to dismiss, 'a plaintiff must show that the entity placing the calls failed to institute the proper procedures *prior* to the initiation of the call.'" *Barr v. Macys.com, LLC*, No. 1:22-CV-07867 (ALC), 2023 WL

6393480, *4 (S.D.N.Y. Sept. 29, 2023) (quoting *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017). *See also Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2014 WL 11531368, *5 (S.D. Fla. Jan. 17, 2014) (same). Those procedures include having a written DNC policy, training personnel, and recording and honoring DNC requests within thirty days. *See* 47 C.F.R. 64.1200(d).

Plaintiff's only allegation relating to USHA's purported failure to comply with the IDNC requirements is plainly conclusory:

> Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant or its agent to initiate telemarketing calls.

Compl. at ¶ 100.

These very same allegations were rejected in *Barr* as conclusory, and thus failed to state a claim. 2023 WL 6393480 at *5. Put simply, there are no factual allegations in the Complaint that would permit the Court to draw an inference that USHA lacked proper procedures in any aspect. Plaintiff does not even allege that he ever asked about or requested a copy of USHA's DNC policy. This is fatal, because a plaintiff does "not plausibly allege an internal do not call list violation" when he "did not request a copy of the Do Not Call Registry [or policy] from Defendants." *Rahimian v. Adriano*, No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, *3 (D. Nev. Mar. 16, 2022) (dismissing plaintiff's § 64.1200(c) claim for failure to state a claim). The court in *Barr* similarly stressed that deficiency and concluded that "[o]ther than his conclusory allegation that Defendant lacked an Internal DNC, Plaintiff has failed to adequately dispute the existence of Defendant's Internal DNC list and policies, or that Defendant's procedures were

lacking in any way." 2023 WL6393480 at *4. As in *Barr*, "[o]ther than his conclusory allegation that Defendant lacked an Internal DNC, Plaintiff has failed to adequately dispute the existence of Defendant's Internal DNC list and policies, or that Defendant's procedures were lacking in any way." *Id.* at *5.

The closest the Complaint comes to alleging any failure to implement required procedures is the purported failure to honor a request not to be contacted. But Plaintiff has not alleged facts sufficient to permit any such plausible inference about USHA's DNC policies. Plaintiff conclusorily asserts that he received "calls and text messages from the Defendant," (Compl. at ¶ 53), but the only communications he identifies are text messages. *See id.* at ¶¶ 55-81. Thus, Plaintiff concludes after his review of the contacts at issue, "[a]ll of the ***text messages*** that Plaintiff Kraemer received were sent by the Defendant." *Id.* at ¶ 82 (emphasis added). A review of the text messages – which were reproduced in the Complaint – shows, however, that only two of them reflect or support any connection with USHA. *See* discussion at 3-7, *supra.* For the other eleven sets of messages, Plaintiff simply assumes, without any plausible basis, that the text messages came from USHA, speculating that someone working at USHA with the same first name – Victoria – must have sent the message and even that a text from "Jessica" was actually sent by Cole Wilson. *See id.* In doing so, Plaintiff "offers nothing but unbridled speculation to suggest that the other [eleven] calls were associated with [USHA] in any way." *Worsham v. Direct Energy Servs., LLC*, No. CV SAG-20-00193, 2021 WL 948819, *3 (D. Md. Mar. 12, 2021), *aff'd*, No. 21-1677, 2022 WL 1261998 (4th Cir. Apr. 28, 2022).

Even on a motion to dismiss, a court cannot accept that "the inquiry of who placed these . . . calls 'should end' with the bare allegation that [the defendant] made the calls," because

"[s]uch an assertion merely parrots the language of the TCPA." *Escano v. Concord Auto Protect, Inc.*, No. CV 21-223 MV/CG, 2022 WL 1239968, *4 (D.N.M. Apr. 27, 2022), report and recommendation adopted, 2022 WL 2751719 (D.N.M. July 14, 2022). Such unsupported assertions clearly fail to raise the conclusory assertion of USHA's involvement "above the speculative level." *Twombly*, 550 U.S. at 556. Thus, "[t]he Court cannot reasonably infer from these conclusory allegations that [USHA] made the . . . calls," which "could have come from any number of other companies." *Nickson v. Advanced Mktg. & Processing, Inc.*, No. CV DLB-22-2203, 2023 WL 4932879, *4 (D. Md. Aug. 2, 2023) (granting motion to dismiss). USHA is hardly the only company that offers health insurance policies through telemarketing.[1]

Turning to the only interactions plausibly alleged to involve USHA, the text messages on August 14, 2023 and August 28, 2023, Plaintiff never alleges that he asked the sender to add him to a company-specific do-not-call list or otherwise stop calling him. At most, he responded to an inquiry in the second text message, "No duck off." *Id.* at ¶¶ 62-63. As a matter of law that is insufficient to constitute "a request from a residential telephone subscriber not to receive calls from that person or entity . . . ." 47 C.F.R. 64.1200(d)(3). Rather, "the called party must clearly express his or her desire not to receive further calls," such as by "plainly telling Defendants not to contact him on his cell phone . . . or messaging 'STOP' after receiving the first text message." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017) (internal quotation omitted). *See also In the Matter of Rules & Reguls. Implementing the Tel. Consumer*

---

[1] *See*, *e.g.*, *Bilek v. Fed. Ins. Co.*, 8 F.4th 581 (7th Cir. 2021); *Woodard v. Health Ins. All.*, No. 23 C 2630, 2024 WL 942629 (N.D. Ill. Mar. 5, 2024); *Woodard v. Quote Storm Holdings, LLC*, No. 23 C 55, 2023 WL 3627719 (N.D. Ill. May 24, 2023); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-CV-1216, 2018 WL 835222 (N.D. Ill. Feb. 13, 2018); *Legg v. PTZ Ins. Agency, Ltd.*, 321 F.R.D. 572 (N.D. Ill. 2017); *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017).

*Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7997 (2015) ("[T]he TCPA requires . . . that the called party clearly express his or her desire not to receive further calls."). Expressions of "disinterest in" any solicited products or services "f[a]ll short of 'clearly expressing' [one']s desire not to receive additional calls . . . ." *Stewart v. Network Cap. Funding Corp.*, 549 F. Supp. 3d 1058, 1060 (C.D. Cal. 2021). Here, Plaintiff's words of "No duck off" "did not amount to a directive for [USHA] to do anything, much less stop calling him." *Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2017 WL 10398957, *5 (S.D. Fla. Mar. 31, 2017).

And, in any event, even if Plaintiff's somewhat off-color expression of disinterest could qualify as a request to not receive further calls from USHA, Plaintiff does not plausibly allege that USHA called him after that response. None of the text messages subsequent to the August 28, 2023 response from Plaintiff are plausibly connected to USHA, as all that Plaintiff provides is his conclusory and speculative say-so. Because "[t]his regulation is violated when defendant calls plaintiff *after* plaintiff requests to be placed on its internal do-not-call list," Plaintiff's failure to "allege[ ] that Defendant . . . called him since this request" means he has failed to "plead a violation of FCC Regulation 64.1200(d)(3) either." *Shelton v. Merch. Flow Fin. Corp.*, No. CV1811294JMVSCM, 2018 WL 6839562, *8 (D.N.J. Dec. 31, 2018).

## CONCLUSION

For the foregoing reasons, Defendant USHEALTH Advisors, LLC respectfully requests that the Court enter an Order dismissing Plaintiff Daniel Kraemer's Complaint for failure to state a claim for relief, and granting any further relief the Court deems appropriate.

Dated: April 1, 2024

Respectfully submitted,

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Roy Taub (*pro hac vice*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Douglas R. Sargent (6290671)
The Franklin, 227 W. Monroe Street, Suite 3950
Chicago, IL 60606
(773) 395-1601
doug.sargent@gmlaw.com
alejandra.albuerne@gmlaw.com

*Attorneys for Defendant USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 1, 2024, a true and correct copy of the foregoing was served on all counsel of record via CM-ECF.

*/s/ Roy Taub*
ROY TAUB