UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID KRAEMER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**USHEALTH ADVISORS, LLC**, a Texas company,<br><br>*Defendant.* | No. 3:24-cv-00275-DWD<br><br>**CLASS ACTION** |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

The Court should summarily deny Defendant USHealth Advisors' motion to dismiss, and require Defendant to adequately participate in discovery, because both of Defendant's arguments in its motion are legally and factually meritless.

**First**, Defendant's argument that only "subscribers" who personally registered their numbers on the National Do Not Call Registry are entitled to assert claims under the TCPA's DNC provision misstates the law.

The FCC's regulations permit only a "residential telephone subscriber" to register "his or her telephone number" on the DNC. 47 C.F.R. § 64.1200(c)(2). Once a telephone number is registered on the DNC, the "registrations must be honored indefinitely, or until the registration is cancelled by the consumer of the telephone number is removed by the database administrator." *Id*. The TCPA's DNC standing provision allows any "person who has received" a call in violation of the FCC's regulations to sue, meaning a user or subscriber of a phone number has the right to be a class member. 47 U.S.C. § 227(c)(5); *see, e.g., Soulliere v. Cent. Fla. Invs., Inc.*, No. 8:13-CV-2860-T-27AEP, 2015 U.S. Dist. LEXIS 36858, at *11-12 (M.D. Fla. Mar. 23, 2015) ("Those

district courts have held that the primary or regular user of the cell phone has standing. Indeed, the TCPA simply states that 'a person or entity' can bring such a claim.").

Regardless of who registered any phone number on the DNC, under 47 C.F.R. § 64.1200(c)(2), Defendant is nonetheless required to honor any prior registrations of phone numbers on the DNC "indefinitely". *See* 16 C.F.R. § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to … initiat[e] any outbound telephone call to a person when … [t]hat person's telephone number is on the 'do-not-call' registry, maintained by the Commission.").

Accordingly, pursuant to TCPA's DNC provision, any class member who is "a person who has received" a call on behalf of Defendant—regardless of whether they are the subscriber and/or registered their number on the DNC—has standing to pursue a DNC based claim. *See Krakauer v. Dish Network, LLC*, 311 F.R.D. 384, 391-92 (M.D.N.C. 2015) ("Dish's argument that only the subscriber has standing to sue under Section 227(c) appears to focus on the provisions allowing subscribers to register their numbers on the NDNC list, *see id.* § 227(c)(1)-(3), and ignores the broader standing provision of Section 227(c)(5).") *aff'd* 925 F.3d 643 (4th Cir. 2019).

The interpretation Defendant imposes would thwart the purposes of the DNC because it would preclude consumers who are reassigned previously abandoned phone numbers that have previously been registered on the DNC from being able to register their numbers and obtain the protections of the DNC if the registrations for those numbers were not "cancelled by the consumer[s]" that initially registered the numbers or "removed by the database administrator." 47 C.F.R. § 64.1200(c)(2). Ultimately, the TCPA is a consumer protection statute that must be liberally construed for the benefit of consumers, and not in the restrictive way Defendant demands. *See United States v. Dish Network LLC*, 75 F. Supp. 3d 916, 936 (C.D. Ill. 2014) ("Dish's argument is

not persuasive. The TSR does not say the call must be initiated to the person who registered the number on the Registry. The TSR states that a violation occurs if the telemarketing call is initiated to a person when the person's telephone number is on the Registry. Consumer protection statutes are remedial in nature and are to be construed liberally to effectuate the goals of protecting consumers. … Dish's narrow reading of the Rule violates this principle of construction. The Court's interpretation is consistent with the plain meaning of the language and consistent with the principle of liberal construction. If the call is initiated to a number on the Registry, then the call is initiated to the person who held that telephone number at the time of the call in violation of the Rule.").

In fact, seemingly every court that has been presented with a similar argument from a defendant has rejected it based on precisely such a reading of the implementing regulations and statute. As Northern District of Illinois Judge Steven C. Seeger explained:

> That argument rests on an unduly strict reading of the regulation. The text refers to a subscriber "who has registered" a telephone number. *Id.* Healthcare Solutions reads that provision to mean a subscriber "who has [personally] registered" a particular number. In effect, Healthcare Solutions is attempting to inject an adverb that is nowhere to be seen.
>
> Nothing in the text ascribes any importance to the person who registered the number. The focus is on whether the number was registered, not who did the registration. The regulation protects numbers, not particular people. That's why the Registry includes numbers, not names. …
>
> The most natural reading of the regulation prohibits unwanted calls to a number. It is natural to read the statute to protect a number, not simply the person who registered the number.
>
> That reading of the regulation seems to fit with the breadth of the statutory text, too. The statute greenlights a claim by a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." *See* 47 U.S.C. § 227(c)(5). It protects a "person" who "received more than one telephone call." *Id.* It doesn't seem to matter who registered the number. Anyone on the receiving end of the call can turn the tables and file suit.

*Moore v. Healthcare Sols. Inc.*, No. 21-cv-4919, 2022 U.S. Dist. LEXIS 220437, at *12-14 (N.D. Ill. Dec. 7, 2022).

In fact, courts have reached this conclusion while simultaneously rejecting the applicability and correctness of the district court's holding in the only case Defendant cites in support of its motion to dismiss Plaintiff Kraemer's claim under the TCPA's DNC provision, *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614 (N.D. Iowa June 9, 2022):

> The Court is not bound by [*Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614 (N.D. Iowa June 9, 2022)]. Moreover, the Court finds the complete language of the implementing regulation more instructive. *See* 47 C.F.R. § 64.1200(c)(2). Though the regulation states that it applies to a 'residential telephone subscriber who has registered his or her number' on the DNC Registry, it goes on to require that DNC registrations 'must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.' *Id*. The Court reads this language to mean that as phone numbers change hands, the DNC Registry may not always reflect which consumers requested to be included. Therefore, the Court finds that the language includes the term 'indefinitely' to remove the ambiguity of which numbers should be protected.

*See, e.g., Abrahamian v. loanDepot.com LLC*, No. CV-23-00728-PHX-SMB, 2024 U.S. Dist. LEXIS 44009, at *5-6 (D. Ariz. Mar. 13, 2024); *see also Watson v. Manhattan Luxury Autos., Inc.*, 2022 U.S. Dist. LEXIS 178069, at *26 (S.D.N.Y. Sep. 29, 2022) ("Whether each class member registered their number on the NDNCR is irrelevant, so that issue cannot predominate over common issues.").

Plaintiff Kraemer therefore sufficiently states a claim under the TCPA's DNC provision by alleging that his residential telephone number was registered on the DNC and that he nonetheless received unsolicited text messages from Defendant's agents to that number. *See* First amended complaint (ECF 25) at ¶¶ 45-99.

**Second**, Plaintiff sufficiently states a claim under the TCPA's internal do not call list provision by alleging that he repeatedly requested that Defendant's agents stop contacting him on Defendant's behalf, but they continued to do so anyway.

To engage in telemarketing, a company's internal do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6). One of them is maintaining an internal do not call list. *Id*. at § (d)(6). Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2). And still another is recording do not call requests and complying with them. *Id*. at § (d)(3). If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

Allegations that a company on whose behalf telemarketing calls are made failed to honor a request for telemarketing calls to stop are in and of themselves sufficient at this stage of the proceedings for the Court to infer that a defendant's policies and procedures for maintaining an internal do not call list were inadequate. *Compare Delgado v. Emortgage Funding, LLC*, No. 21-CV-11401, 2021 U.S. Dist. LEXIS 196785, at *12 (E.D. Mich. Oct. 13, 2021) ("She has also plausibly alleged that defendant has failed to institute adequate procedures to comply with the requests of persons who do not want to receive telemarketing calls, given the calls' persistence days after plaintiff asked that they cease.") *with Shelton v. Merch. Flow Fin. Corp.*, No. 18-11294 (JMV) (SCM), 2018 U.S. Dist. LEXIS 217826, at *19-20 (D.N.J. Dec. 28, 2018) ("However, according to Plaintiff's allegations, after he requested Defendant Merchant Flow to place him on their internal do-not-call list, he did not receive any further calls. Thus, it is not reasonable to infer that Defendant Merchant Flow did not have the internal list because they did in fact stop contacting Plaintiff. Plaintiff has not sufficiently plead a violation of FCC Regulation 64.1200(d)(1)."); *see*

*also Roylance v. ALG Real Estate Servs.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, at *10 & n.5 (N.D. Cal. Mar. 16, 2015) (explaining that consent for telemarketing may be revoked in any reasonable manner and that text messages and calls are interchangeable under the TCPA); *but see Barr v. Macys.com, LLC*, No. 1:22-cv-07867 (ALC), 2023 U.S. Dist. LEXIS 176653, at *12-13 (S.D.N.Y. Sep. 29, 2023) (cited in Defendant's motion) ("Neither has Plaintiff significantly alleged a violation of subsection (d)(3) for failure to honor Plaintiff's request to not be contacted. … Here, the Court struggles to see how failure to comply with Plaintiff's DNC request within one business day could be unreasonable.").

In fact, with regard to companies on whose behalf calls are made (and who not themselves make the calls or record the requests not to be called further made in response), the internal do not call list regulations make clear (1) that "If [do not call] requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request"; and (2) that in circumstances involving a company affiliated with various agents making calls on it's behalf, a consumer's request to that one agent stop calling on a company's must be adhered to by all agents calling on the same company's behalf. 47 C.F.R. §§ 64.1200(d)(3), (5).[1]

And this is precisely what Plaintiff Kraemer alleges—that between July 28, 2023 and November 15, 2023, in response to text messages from Defendant's agents on Defendant's behalf, he made six separate requests for Defendant's agents to stop texting him, and that, notwithstanding each of these requests, he continued to receive text messages from Defendant's agents on Defendant's behalf. First amended complaint at ¶¶ 55-99.

---

[1] Notably, Defendant does not challenge in its motion to dismiss the sufficiency of Plaintiff's agency allegations.

Accordingly, Plaintiff states a claim under the TCPA's internal do not call list provision.

***

Ultimately, there is no basis for dismissing Plaintiff Kraemer's claims, and the Court should deny Defendant USHealth's motion to dismiss in total.

DATED this 5th day of June, 2024.

Respectfully submitted,

*<u>/s/ Avi R. Kaufman</u>*
Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

*Attorneys for Plaintiff and the putative Classes*