**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DAVID KRAEMER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_____________________________/

CASE NO.: 3:24-cv-00275-DWD

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff David Kraemer's Amended Complaint, Dkt. No. 25 (the "Complaint").

## ANSWER

## PARTIES

1. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. USHA admits that it is a limited liability company organized under the laws of the State of Texas with a principal place of business in Fort Worth, Texas. The remainder of the allegations of Paragraph 2 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the remainder of the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. USHA admits that this Court has subject matter jurisdiction over this matter

pursuant to 28 U.S.C. § 1331.

4. Paragraph 4 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 5 of the Complaint.

**INTRODUCTION**

6. Paragraph 6 of the Complaint describes the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (U.S. July 6, 2020), to which no response is required. USHA respectfully refers the Court to the cited language from the Supreme Court decision for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the Supreme Court decision, USHA denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint describes 105 Stat. 2394 at § 2(3), to which no response is required. USHA respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited act, USHA denies the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint describes *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 8 of the Complaint.

9. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. Paragraph 11 of the Complaint describes www.robocallindex.com, to which no response is required. USHA respectfully refers the Court to the cited website for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited website, USHA denies the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint describes www.fcc.gov/consumer-help-center-data, to which no response is required. USHA respectfully refers the Court to the cited website for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited website, USHA denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint describes a statement from FCC chairman Tom Wheeler on https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls, to which no response is required. USHA respectfully refers the Court to the cited language from the website for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited website, USHA denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint describes *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), to which no response is required. USHA respectfully refers the Court to the cited language from the notice for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited notice, USHA denies the allegations contained

in Paragraph 14 of the Complaint.

## COMMON ALLEGATIONS

15. USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. USHA denies the allegations contained in Paragraph 16 of the Complaint.

17. USHA denies the allegations contained in Paragraph 17 of the Complaint.

18. USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. USHA denies the allegations contained in Paragraph 21 of the Complaint.

22. USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. USHA denies the allegations contained in Paragraph 24 of the Complaint.

25. USHA denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint describes *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995), to which no response is required. USHA respectfully refers the Court to the cited language from the record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint describes an FCC ruling, to which no response is required. USHA respectfully refers the Court to the FCC ruling for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the FCC ruling, USHA denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint describes *In re DISH Network, LLC*, 28 FCC Rcd.

6574, 6588 ¶ 37 (2013), to which no response is required. USHA respectfully refers the Court to the cited language from the record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint describes *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013), to which no response is required. USHA respectfully refers the Court to the cited language from the record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 30 of the Complaint.

31. USHA denies the allegations contained in Paragraph 31 of the Complaint.

32. USHA denies the allegations contained in Paragraph 32 of the Complaint.

33. USHA denies the allegations contained in Paragraph 33 of the Complaint.

34. USHA denies the allegations contained in Paragraph 34 of the Complaint.

35. USHA denies the allegations contained in Paragraph 35 of the Complaint.

36. USHA denies the allegations contained in Paragraph 36 of the Complaint.

37. USHA denies the allegations contained in Paragraph 37 of the Complaint.

38. USHA denies the allegations contained in Paragraph 38 of the Complaint.

39. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. USHA denies the allegations contained in Paragraph 40 of the Complaint.

41. USHA denies the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint describes *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46, to which no response is required. USHA respectfully refers the Court to the cited language from the record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the allegations contained in Paragraph 44 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief requested sought in Paragraph 44.

**PLAINTIFF KRAEMER'S ALLEGATIONS**

45. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

46. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore denies the same.

47. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies the same.

48. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51. USHA is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore denies the same.

53. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore denies the same.

54. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore denies the same.

55. USHA denies the allegations contained in Paragraph 55 of the Complaint.

56. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore denies the same.

57. USHA denies the allegations contained in Paragraph 57 of the Complaint.

58. USHA denies the allegations contained in Paragraph 58 of the Complaint.

59. USHA denies the allegations contained in Paragraph 59 of the Complaint.

60. USHA denies the allegations contained in Paragraph 60 of the Complaint.

61. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore denies the same.

62. USHA denies the allegations contained in Paragraph 62 of the Complaint.

63. USHA denies the allegations contained in Paragraph 63 of the Complaint.

64. USHA denies the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the allegations contained in Paragraph 65 of the Complaint.

66. USHA denies the allegations contained in Paragraph 66 of the Complaint.

67. USHA denies the allegations contained in Paragraph 67 of the Complaint.

68. USHA denies the allegations contained in Paragraph 68 of the Complaint.

69. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore denies the same.

70. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore denies the same.

72. USHA denies the allegations contained in Paragraph 72 of the Complaint.

73. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore denies the same.

74. USHA denies the allegations contained in Paragraph 74 of the Complaint.

75. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore denies the same.

76. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore denies the same.

77. USHA denies the allegations contained in Paragraph 77 of the Complaint.

78. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore denies the same.

79. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore denies the same.

80. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and therefore denies the same.

81. USHA denies the allegations contained in Paragraph 81 of the Complaint.

82. USHA is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 82 of the Complaint, and therefore denies the same.

83. USHA denies the allegations contained in Paragraph 83 of the Complaint.

84. USHA denies the allegations contained in Paragraph 84 of the Complaint.

85. USHA denies the allegations contained in Paragraph 85 of the Complaint.

86. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore denies the same.

87. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and therefore denies the same.

88. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore denies the same.

89. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore denies the same.

90. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and therefore denies the same.

91. Paragraph 91 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 91 of the Complaint.

92. USHA denies the allegations contained in Paragraph 92 of the Complaint.

93. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint, and therefore denies the same.

94. USHA denies the allegations contained in Paragraph 94 of the Complaint.

95. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore denies the same.

96. USHA denies the allegations contained in Paragraph 96 of the Complaint.

97. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, and therefore denies the same.

98. USHA denies the allegations contained in Paragraph 98 of the Complaint.

99. USHA denies the allegations contained in Paragraph 99 of the Complaint.

100. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint, and therefore denies the same.

101. USHA denies the allegations contained in Paragraph 101 of the Complaint.

102. USHA admits that Plaintiff purports to bring this suit on behalf of himself and classes of allegedly similarly situated individuals under the TPCA.

**CLASS ALLEGATIONS**

103. USHA admits that Plaintiff purports to bring this action as a class action and attempts to define a class, but denies that a class can be certified or, if certified, would result in a class where liability under the TCPA would be imposed against USHA. Accordingly, USHA denies the allegations contained in Paragraph 103 of the Complaint.

104. USHA denies the allegations contained in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 108 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Kraemer and the Do Not Call Registry Class)**

109. USHA incorporates its responses to paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110. Paragraph 110 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 111 of the Complaint.

112. USHA denies the allegations contained in Paragraph 112 of the Complaint.

113. USHA denies the allegations contained in Paragraph 113 of the Complaint.

114. USHA denies the allegations contained in Paragraph 114 of the Complaint. USHA

denies that Plaintiff is entitled to any of the relief requested sought in Paragraph 114.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Kraemer and the Internal Do Not Call Class)**

115. USHA incorporates its responses to paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116. Paragraph 116 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 116 of the Complaint.

117. USHA denies the allegations contained in Paragraph 117 of the Complaint.

118. Paragraph 118 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 118 of the Complaint.

119. USHA denies the allegations contained in Paragraph 119 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief requested sought in Paragraph 119.

**PRAYER FOR RELIEF**

USHA denies that Plaintiff is entitled to any of the relief requested and USHA respectfully requests that this Court enter an order granting judgment in favor of USHA and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

USHA states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of USHA's Defenses. Accordingly, USHA asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

### THIRD AFFIRMATIVE DEFENSE

USHA is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, such third parties were not USHA's agents and USHA did not exercise substantial control over their actions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with USHA or the alleged callers.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel due to his and other class members'

consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephone(s).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lacks standing.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because USHA did not engage in knowing or willful misconduct.

**NINTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent (to the extent he ever did).

**TENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State,

Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200.

**ELEVENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(b), § 227(c), 47 C.F.R. 64.1200(c), and 47 C.F.R. 64.1200(d). Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands due to his and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc*., 725 F.3d 940, 947 (9th Cir. 2013).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the other class members have failed to mitigate their damages, if any, based

in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone(s) should cease.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged callers that the calls should cease.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the telephone calls complained of in the Complaint, including calls to their cellular and/or residential telephone number(s).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of using and/or holding his cellular telephone number out to the public as a business telephone number.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of his cellular telephone number being registered by someone other than himself prior to his acquisition of the cellular telephone number.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which he claims was

called in violation of 47 U.S.C. § 227(c) is and was not a residential telephone number or line.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

USHA is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged text messages (and/or telephone call(s)) are not telephone solicitations under the TCPA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the exceptions provided under the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against USHA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's class action suit and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against USHA.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of any putative class member are barred to the extent their telephone number is a cellular telephone number because a cellular telephone line is not a residential telephone line and 47 U.S.C. § 227(c) applies only to residential telephone lines. The 2003 FCC Order that discussed cellular telephone lines falling under the ambit of 47 U.S.C. § 227(c) was incorrectly decided and is not entitled to any deference from the Court. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (U.S. 2024). Nor does the Hobbs Act preclude this Court's determination as to the legislative intent of the TCPA, an issue set to be decided this term by the Supreme Court in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, No. 23-1226 (U.S.).

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because USHA established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the National Do Not Call Rules.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against USHA with sufficient particularity to enable USHA to determine what additional defenses it may have in response to the Complaint. USHA therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

**RESERVATION**

USHA reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery

or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant USHEALTH Advisors, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: December 9, 2024

GREENSPOON MARDER LLP

By: */s/ Roy Taub*

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-343-6958
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Douglas R. Sargent (6290671)
The Franklin, 227 W. Monroe Street, Suite 3950
Chicago, IL 60606
(773) 395-1601
doug.sargent@gmlaw.com
alejandra.albuerne@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 9, 2024, a true and correct copy of the foregoing was electronically filed on the Court's CM/ECF document filing system, which will send notice of filing and a service copy to all counsel of record.

*/s/ Roy Taub*
ROY TAUB